UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODOUNDY SMITH, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-CV-200 RLM |
| | ) (Arising out of 3:17-CR-22 RLM-MGG) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

A jury found Rodoundy Smith guilty of illegal possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The court sentenced Mr. Smith to a term of 24 months' imprisonment and two years' supervised release. Mr. Smith's appeal was voluntarily dismissed, and he is now before the court requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 56]. For the following reasons, the court denies Mr. Smith's motion.

I. BACKGROUND

After a used car dealer repossessed a car Mr. Smith recently purchased, Mr. Smith drove his wife's car to the dealership, angrily pulled a firearm from his pocket, and placed it on the counter where the dealership personnel would see it. He meant to intimidate them into letting him get his repossessed car back. He didn't point the gun at anyone or explicitly threaten anyone, and he returned the

gun to his wife's car when he realized the dealership people were calling the police. When the police arrived, they found the gun under the driver's seat of Mr. Smith's wife's car. A Bureau of Alcohol, Tobacco, Firearms, and Explosives task force officer interviewed Mr. Smith and he eventually confessed to possessing the firearm. At trial, a Berrien County, Michigan, probation officer testified that Mr. Smith had a prior felony conviction and the jury convicted Mr. Smith of being a felon in possession of a firearm.

## II. Discussion

Mr. Smith presents two arguments in his petition: that his conviction was obtained by use of a coerced confession and that he received ineffective assistance of counsel. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After reviewing the record in this case, the court finds that Mr. Smith's motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Smith first argues that the court should vacate his conviction because it was obtained by use of a coerced confession. Mr. Smith argues that he was tricked and manipulated into providing a false confession. Because Mr. Smith didn't move to suppress his statements before trial and didn't raise this issue on direct appeal or provide cause for not doing so, the court can't reach the merits of his argument.

If Mr. Smith believed that a law enforcement officer obtained his confession through coercion, he was required to file a motion to suppress before trial. *See* Fed. R. Crim. P. 12(b)(3)(c). Because he didn't file a motion to suppress before trial, he waived any suppression argument unless he can show good cause. Fed. R. Crim. P. 12(c)(3); United States v. Cardena, 842 F.3d 959, 988 (7th Cir. 2016). And because Mr. Smith didn't pursue an appeal on this issue, he can't raise it "on collateral review unless [he] shows cause and prejudice," Massaro v. United States, 538 U.S. 500, 504 (2003), or actual innocence. Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017). Mr. Smith offered no cause for not moving to suppress the confession before trial or pursuing an appeal on that issue and doesn't argue actual innocence, so he is barred from raising a claim that his conviction was obtained by use of a coerced confession in a collateral attack. *See* Massaro v. United States, 538 U.S. at 504; Delatorre v. United States, 847 F.3d at 843; United States v. Cardena, 842 F.3d at 988.

Mr. Smith next argues that his conviction and sentence should be vacated because his counsel provided him ineffective assistance of counsel. In support of this claim, Mr. Smith argues that his counsel didn't challenge a witness's

testimony that allegedly contradicted a police report and his counsel failed to offer to stipulate to his felony conviction.[1]

To prevail on an ineffective assistance of counsel claim, Mr. Smith must show both that his attorneys' performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-693 (1984). This is a difficult standard to meet; to prevail, Mr. Smith must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Smith] of a fair [result]." Strickland v. Washington, 466 U.S. at 687.

As to the performance prong of the Strickland inquiry, there is a strong presumption that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct

---

[1] Under the ineffective assistance of counsel ground, Mr. Smith also asserts that his counsel "wouldn't even call a motion and said he wasn't." To the extent Mr. Smith is trying to make a separate argument from his other ineffective assistance of counsel claims, the court is hard-pressed to decipher it. While the court must construe Mr. Smith's petition liberally, *see* Gaylord v. United States, 829 F.3d 500, 505 (7th Cir. 2016), the court can summarily deny relief when a petitioner's allegations are unreasonably vague. *See* Rodriguez v. United States, 286 F.3d 972, 986 (7th Cir. 2002), as amended on denial of reh'g and reh'g en banc (May 21, 2002). Mr. Smith provides no information about what motion he thinks his counsel should have filed, why he thinks such a motion would have been successful, and how such a successful motion would have led to his acquittal, so he can't demonstrate he is entitled to any relief due to his counsel's failure to file a motion.

falls within the wide range of reasonable professional assistance.' " Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland v. Washington, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable strategic choices "rest[s] squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.' " Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694).

Mr. Smith argues that his counsel was unconstitutionally ineffective because he didn't impeach a witness who, according to Mr. Smith, contradicted a statement attributed to him in the police report by giving "a totally different description of a gun" on the witness stand. Mr. Smith doesn't say which witness contradicted himself or provide a detailed description of allegedly contradictory statements. This shortcoming alone is grounds for the court to reject this claim because a collateral attack on a conviction or sentence "requires *some* threshold showing of the evidentiary basis, beyond mere conclusory allegations," that supports the petitioner's claims. Martin v. United States, 789 F.3d 703, 707 (7th Cir. 2015) (emphasis supplied). But the court will construe his argument liberally, *see* Gaylord v. United States, 829 F.3d 500, 505 (7th Cir. 2016), as the

government did in its response, and assume Mr. Smith is referring to the testimony of Aaron Budny, who testified in court that he saw Mr. Smith with a black and pink gun. The police report attributes a statement to Mr. Budny saying Mr. Smith had a black gun, with no mention of the color pink.

Mr. Smith claims that when he presented his counsel with the police report and pointed out the purported discrepancy, his counsel told Mr. Smith that the statement in the report was inadmissible hearsay. His counsel was correct that the report couldn't be admitted as proof that the gun was black.

Although Federal Rule of Evidence 803(8) makes the firsthand observations of law enforcement officers in police reports admissible, "third-party statements contained in a police report do not become admissible for their truth by virtue of their presence in a public record and instead must have an independent basis for admissibility." Jordan v. Binns, 712 F.3d 1123, 1133 (7th Cir. 2013) (citations omitted). The statement attributed to Mr. Budny in the police report isn't otherwise admissible under Rule 801(d)(1), 801(d)(2), or any other exception to the hearsay rule. So, Mr. Smith can't show that his counsel was ineffective in failing to attempt to offer that evidence at trial. *See* Kavanagh v. Berge, 73 F.3d 733, 736 (7th Cir. 1996) ("failure to offer inadmissible evidence is not ineffective assistance").

Mr. Smith's counsel could have taken a different approach to put Mr. Budny's prior statement before the jury. He could have used the police report simply to prove that Mr. Budny made the prior statement, but not as proof that the prior statement was true. Or he could simply have asked Mr. Budny about

the prior statement during cross examination. Either approach would have impeached Mr. Budny by letting the jury know he had described the gun differently at two different times. But even if Mr. Smith could demonstrate that his counsel's failure to impeach the government's witness failed the performance prong of Strickland v. Washington, he can only succeed on this claim if he can also show prejudice. "To establish prejudice, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. at 694). "Here, that means [Mr. Smith] must show that . . . there was a 'reasonable probability' that he would have been acquitted." United States v. Berg, 714 F.3d 490, 497 (7th Cir. 2013) (quoting Rastafari v. Anderson, 278 F.3d 673, 689 (7th Cir. 2002)). Mr. Smith can't meet that burden.

The evidence against Mr. Smith was substantial and compelling. An eye witness testified that Mr. Smith threatened him with a gun at a car dealership. A second witness couldn't see the gun from his vantage point, but corroborated much of the first witness's testimony. A police officer testified that when he arrived on scene, he found a gun in the car Mr. Smith was driving matching the witness's description of the gun Mr. Smith had in the dealership. And the jury watched the recording of an interview with law enforcement in which Mr. Smith confessed to the crime. Even if Mr. Smith's counsel had impeached a witness's testimony by showing the witness's prior inconsistent statement, it isn't reasonably probable that the jury would have acquitted Mr. Smith. He can't show

prejudice. *See* id.

Mr. Smith next argues that his counsel provided him with ineffective assistance of counsel because his counsel "failed to offer to stipulate that [Mr. Smith] had a prior felony conviction." [Doc. No. 56 at 4]. The evidence submitted by the government suggests that Mr. Smith's counsel did discuss a stipulation with the government and a proposed stipulation was drafted, but Mr. Smith declined to stipulate to a prior felony conviction.

After the government sent Mr. Smith's counsel an email asking if Mr. Smith would stipulate to his prior felony conviction, Mr. Smith's counsel responded that he would see Mr. Smith the next day and that he "expect[ed] to stipulate to the prior felony." [Doc. No. 59-1 at 1]. The next day Mr. Smith's counsel emailed the government and said "Mr. Smith just left. He didn't sign the stipulation. You'll need a witness to show . . . [the] prior conviction." Id. If Mr. Smith declined to stipulate to his prior conviction, his counsel couldn't be found to be ineffective for following his client's directive. *See* United States v. Holman, 314 F.3d 837, 844 (7th Cir. 2002) (counsel can't stipulate to a client's guilt without the client's consent); U. S. ex rel. Ross v. Franzen, 668 F.2d 933, 941 (7th Cir.), on reh'g, 688 F.2d 1181 (7th Cir. 1982) ("it has long been the law of this circuit that counsel may not stipulate to facts establishing the guilt of the accused without the defendant's consent").

The court needn't decide whether this evidence forecloses a finding that Mr. Smith's counsel's actions with regard to a stipulation were deficient because Mr. Smith can't show that he was prejudiced. As the court already noted, the

evidence against Mr. Smith presented at trial was substantial and compelling, including eye witness testimony that Mr. Smith had a gun in the dealership, testimony from a law enforcement officer that he found a gun matching the witness's description in the car Mr. Smith was driving, and Mr. Smith's recorded confession. Mr. Smith can't show that "there was a 'reasonable probability' that he would have been acquitted" if his counsel would have offered to stipulate to his felony conviction. United States v. Berg, 714 F.3d 490, 497 (7th Cir. 2013) (quoting Rastafari v. Anderson, 278 F.3d 673, 689 (7th Cir. 2002)). Accordingly, his ineffective assistance of counsel claim fails.

### III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Issuance of a certificate of appealability requires the court to find that Mr. Smith has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons stated, he hasn't made such a showing, and the court declines to issue a certificate of appealability.

### IV. Conclusion

Based on the foregoing, the court DENIES the motion to vacate, [Doc. No. 56]; and DECLINES to issue a certificate of appealability.

SO ORDERED.

ENTERED: March 19, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: Rodoundy Smith